UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL RENARD LINDSAY, | ) | CASE NO. 1:13-cv-00309 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE ADAMS |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| STATE OF OHIO, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | Doc. No. 6 |

Respondent moves to stay the habeas petition of Wendell Renard Lindsay ("Lindsay") pending exhaustion in the state courts of Lindsay's unexhausted claims. Motion, doc. no. 6. In the alternative, if the court determines that a stay is not warranted, respondent moves the court to require Lindsay to elect whether to (1) dismiss the petition as a mixed petition, without prejudice, and exhaust the claims (that is, Lindsay's Fourth, Fifth, and Sixth grounds for relief) in the state courts or (2) withdraw his unexhausted claims.[1] Lindsay responds that the court should stay his petition pending exhaustion in the stay courts. Response, doc. no. 9. For the reasons described below, (1) respondent's motion to require Lindsay to dismiss his fourth, fifth,

---

[1] Respondent also moved to re-caption the case to substitute Terry A. Tibbals, the warden of Mansfield Correctional Institution at which Lindsay is held, as the proper respondent. Lindsay concurred in that change. The court granted the motion in that respect. *See* Order, July 15, 2013.

and sixth grounds for relief or dismiss his petition without prejudice should be **GRANTED**, and Lindsay should be require to elect within 15 days whether to dismiss his unexhausted claims or dismiss his petition; and (2) if Lindsay elects to dismiss his unexhausted claims and proceed, respondent should be required to file its brief within 30 days of Lindsay's election.

I.

The state appellate court reviewing Lindsay's case on direct appeal found the following facts to be relevant to his case:

> {¶ 2} On March 4, 2010, ten-year-old N.J. approached her guidance counselor at school and told her "my mother's boyfriend has been raping me." (T. 197). During the investigation into the sexual assault, N.J. disclosed that her mother's boyfriend, appellant, had come into the room that she shared with her younger sister on the morning of March 4th, pulled down her underwear and stuck his tongue in her vagina. (T. at 198; 269). This was not the first time a sexual incident had occurred. All in all, N.J. told the social worker who interviewed her that the appellant had placed his mouth on her vagina approximately six times and penetrated her vagina with his penis a total of seven times. (T. at 271).

> {¶ 3} After the disclosures, N.J.'s father took her to the hospital for a sexual assault examination. The nurse who performed the exam found physical evidence consistent with N.J.'s allegations. As part of the examination, swabs were taken of the victim's vaginal area and the panties she was wearing at the time of the examination were collected. DNA collected from the panties and the vaginal area of N.J. was consistent with the appellant's DNA.

> {¶ 4} Appellant was indicted by the Richland County Grand Jury with 5 separate counts of rape, 5 separate counts of sexual battery, and 5 separate counts of gross sexual imposition.

> {¶ 5} Following the jury trial, appellant was convicted of one count of rape, one count of sexual battery and one count of gross sexual imposition. The jury returned verdicts of not guilty to the remaining charges.

> {¶ 6} A sentencing hearing was held on October 27, 2010. The trial court merged the offenses for sentencing purposes and sentenced appellant to a term of ten years to life.

*State v. Lindsay*, 2011 WL 4361632, at *1 (Ohio App. Sept. 19, 2011).  The court also sentenced Lindsay to five years of post-release control.

Lindsay timely appealed his conviction and sentence.  In his appellate brief, Lindsay asserted six assignments of error:

> Assignment of Error No. 1:
>
>> The trial court committed prejudicial error and deprived the defendant–appellant of his equal protection rights under the Fourteenth Amendment of the United States Constitution by upholding the peremptory challenges of the prosecutor against two black jurors.
>
> Assignment of Error No. 2:
>
>> The trial court committed prejudicial error and deprived the defendant–appellant under his due process rights under the Fourteenth Amendment of the United States Constitution by denying defendant–appellant to change counsel during the trial and to have the judge recuse himself in violation of the defendant–appellant's Sixth Amendment right to counsel and the Fourteenth Amendment due process.
>
> Assignment of Error No. 3:
>
>> The trial court erred in failure to continue the trial based upon the request of the defendant–appellant's attorney.
>
> Assignment of Error No. 4:
>
>> The defendant–appellant was denied his rights to due process under the United States Constitution and Ohio Constitution by receiving into evidence regarding domestic violence and adultery [sic] reportedly committed by the defendant–appellant.
>
> Assignment of Error No. 5:
>
>> The trial court committed prejudicial error by failing to exclude out–of–court statements made by the alleged victim being introduced through the testimony of other witnesses, in violation of Evidence Rule 802 and the defendant–appellant's right is [sic] guaranteed to him by the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.
>
> Assignment of Error No. 6:

> Defendant–appellant was deprived of effective assistance of counsel by the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Ohio Constitution, as well as the due process protection under the Fourteenth Amendment of the United States Constitution, and Article I, Section 16 of the Ohio Constitution.

After the state filed a response but before the state appellate court could rule on his assignments of error, Lindsay filed *pro se* an "Amendment to Defendant–Appellant's Appeal Brief." The state appellate court dismissed the amendment for failure to ask for leave to file a *pro se* brief, failure to demonstrate proper proof of service, and as barred by Ohio law, which prohibits a defendant and appointed counsel from serving as "co-counsel" on appeal. On September 19, 2011, the state appellate court overruled Lindsay's assignments of error and affirmed the judgment of the trial court. Lindsay did not timely appeal the state appellate court's decision to the Ohio Supreme Court.

Lindsay timely filed in the appellate court an application to reopen his direct appeal pursuant to Ohio App. R. 26(B) ("R. 26(B)"). In his application, Lindsay alleged that appellate counsel had rendered ineffective assistance for failing to raise the following issues on appeal:

> Argument One:
>
> The trial court committed prejudicial error by failing to exclude testimony as to the credibility and/or believability of the alleged victim's allegation against the defendant; Ineffective assistance of counsel for not filing ineffective assistance of trial counsel who failed to object during the trial, to court and prosecution's misconduct allowing true DNA facts to be hidden from the expert witnesses when the outcome of the verdict relied on that information and resulted in a verdict that was against due to being against [sic] the propound preponderance [sic] based on insufficient evidence presented at trial. Violating Rules of Evidence Rule 404(b), and 403. Also, violation of defendant's post-Miranda rights, and due process rights by not suppressing evidence before trial.
>
> Argument Two:

> The trial court committed prejudicial error by failing to exclude from evidence prior allegations of sexual acts; also by failing to exclude opinion testimony as to the credibility and/or believability of the State witnesses. Ineffective assistance of appellate counsel for not filing ineffective assistance of trial counsel who neglected to object to the trial court when it allowed testimony from friends-of-the-court, prejudicing the defendant when this fact was obvious; also, resulting in a prejudise [sic] outcome in the trial. Violating defendant's Sixth Amendment [Worley's] or confrontation, equal protection and due process of law; and not protecting against prosecutor misconduct.
>
> Argument Three:
>
> The evidence of the five different groups of charges should have been separated due to the evidence of the charges could only confuse the jury, thus resulting in a confusing verdict based evidence not supporting the conviction; and resulting in a sentence outside the statutory guidelines, that is void.

(Punctuation altered from the original.) Before the state could file a response to Lindsay's application, Lindsay filed a "rebuttal brief." On January 26, 2012, the state appellate court denied Lindsay's application. The court found that some of Lindsay's claims were barred by *res judicata* because they had been presented on direct appeal and the remaining claims did not demonstrate that appellate counsel had been ineffective.

Lindsay timely appealed to the Ohio Supreme Court the state appellate court's denial of his application to reopen his direct appeal. In his memorandum in support of jurisdiction, Lindsay reasserted the three arguments he had raised in the appellate court. On May 23, 2012, the Ohio Supreme Court dismissed Lindsay's appeal as not involving any substantial constitutional question.

On September 26, 2012, Lindsay filed in the trial court a motion to amend his Ohio Crim. R. 29 ("R. 29") motion for acquittal allegedly made at his sentencing hearing. Lindsay sought to add four arguments to his motion for acquittal:

Argument I:

Late discovered information on the DNA analysis; defendant's due process rights under the United States Constitution were violated when evidence of expert opinion was not suppress, [sic] and to rebut the insufficient evidence concerning the DNA, and the case allegations, when the state's expert witness contaminated the view of the trier of fact for the jury with personal DNA opinion testimony, that was said to have come from the alleged victim's allegations, but was not testified too [sic] by the alleged victim during trial; and these untruths and personal opinions were then used against the defendant at trial, and to bolster the prosecution's case, with no expert opinion brought to trial for the defendant by the trial attorney (ineffectiv [sic] assistance of counsel).  Also, misconduct by the prosecution for withholding facts concerning the allegations and the DNA evidence; constituting plain error.  Violating mandatory Ohio Crim.P. 12(B)(3).

Argument II:

The defendant's [sic] was denied equal protection of the law, and his due process rights were violated when the DNA evidence used at trial was obtained through and from an illegal arrest, then used as the evidence in the conviction and to convict the defendant.  (Fruits from a poisonous tree); warranting a mandatory suppression, Ohio Crim.P. 12(B)(3); plain error; insufficiency of the evidence.

Argument III:

The defendant was denied protection against the Double Jeopardy portion of the Due Process Clause of the 14th Amendment, resulting in a void sentence, when the conviction was the result of a carbon-copy indictment (multiplicity), and this court lost its jurisdiction to sentence the defendant, and in violation of collateral estoppal [sic], and did not protect defendant from a[n] inconsistent verdict that should have been an all-or-non verdict, and the judge should have uttered specific performance to the charges; thus, the judge imposed cruel and unusual punishment with the sentence. The cause of this argument; ineffective assistance of counsel.

Argument IV:

The state intentionally provoked a mistrial by showing nude photos of the alleged victim in a compromising position, and making unappropriated reference of the photos [sic] to the jury, and other personal comments by the prosecutor, as to testify during the trial as his own state witness (prosecutor misconduct).  Also the trial judge prejudiced the proceedings

> by being involved in a chain conspiracy constituted [sic], entrapment prosecuting the defendant for a previous case, rendering the defendant helpless, to help hold and prosecute the defendant for this case, and while it was clear the judge should have rescued [sic] himself.

(Punctuation altered from the original.)  The state opposed the motion as untimely and argued that the trial court lacked jurisdiction to hear such a motion because the state appellate court had already affirmed the trial court's judgment on direct appeal.  The trial court construed Lindsay's motion as a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21.  On March 18, 2013, the trial court found Lindsay's filing to be untimely either as a R. 29 motion or as a motion for post-conviction relief.  The court also found that Lindsay's arguments were barred by *res judicata*.

On March 28, 2013, Lindsay filed a timely appeal of the denial of his motion for post-conviction relief and filed an appellate brief.  The state has moved to strike that brief because as it does not state Lindsay's assignments of error, as required by Ohio App. R. 16(A)(3).  Lindsay has moved to amend his brief.  This appeal is pending in the state appellate court.  *See* Response to Order, doc. no. 11.

On February 26, 2013, Lindsay filed in the trial court a delayed motion for new trial pursuant to Ohio Crim. R. 33(C).  Lindsay asserted in support of his motion that he recently learned one of the jurors at his trial had been a magistrate judge who had signed a warrant to search Lindsay's property in an unrelated case.  He also claimed that the jury pool had been contaminated by a psychologist whose counseling center was treating the alleged victim. Lindsay broadly claimed that he had been unavoidably prevented from learning of these matters.  The state filed an opposition to the motion, and Lindsay filed a reply.  This motion is pending in the trial court.  *See* Response to

Order.

On February 12, 2013, Lindsay filed in this court a petition for a federal writ of habeas corpus.  In his petition, Lindsay asserts six grounds for relief:

> **Ground One**:  The trial court committed prejudicial error by failing to exclude testimony as to the credibility and/or believability of the alleged victim's allegation against the defendant; Ineffective assistance of counsel for not filing ineffectiveness assistance [sic] of trial counsel who failed to object during the trial, to court and prosecution's misconduct allowing true DNA facts to be hidden from the expert witnesses when the outcome of the verdict relied on that information and resulted in a verdict that was against due to being against the propound preponderance [sic]; based on insufficient evidence presented at trial. Violating Rules of Evidence Rule 404(b), and 403, also violation*s* of defendant's post-Miranda rights, and due process rights by not suppressing evidence before trial.
>
> **Ground Two**:  The trial court committed prejudicial error by failing to exclude from evidence prior allegations of sexual acts; also by failing to exclude opinion testimony as to the credibility and/or believability of the State witnesses. Ineffective assistance of the State witnesses.  Ineffective assistance of appellate counsel for not filing ineffective assistance of trial counsel who neglected to object to the trial court when it allowed testimony from friends-of-the-court, prejudicing the defendant when this fact was obvious; also, resulting in a prejudice [sic] outcome in the trial, violating defendant's Sixth Amendment (Worley's) or confrontation, equal protection and due process of law; and not protecting against prosecutor misconduct.
>
> **Ground Three**:  The evidence of the five different groups of charges should have been separated due to the evidence of the charges could only confuse the jury, thus resulting in a confusing verdict baised [sic] on evidence not supporting the conviction; and resulting in a sentence outside the statutory guidelines, and is void.
>
> **Ground Four**:  The defendant's [sic] was denied equal protection of the law, and his due process rights were violated when the DNA evidence used at trial was obtained through and from an illegal arrest, then used as the evidence in the conviction and to convict the defendant. (Fruits from a poisonous tree); warranting a mandatory suppression, Ohio Crim P. 12(B)(3); plain error; insufficiency of the evidence.
>
> **Ground Five**:  The state intentionally provoked a mistrial by showing nude photos of the alleged victim in a compromising position, and making

> unappropriated reference of the photos [sic] to the jury; and other personal comments by the prosecutor, as to testify during the trial as his own state witness; (prosecutor misconduct). Also the trial judge prejudiced the proceedings by being involved in a chain conspiracy, constituted entrapment, prosecuting the defendant for a previous case, rendering the defendant helpless, to help hold and prosecute the defendant for this case, and while it was clear the judge should have recused himself.
>
> **Ground Six**: The defendant was not protected by the Due Process Clause of the 14th Amendment, when the court, during the 'voir dire,' [sic] allowed a contaminated influence to stand as a juror, when it was clear that the juror was a magistrate for Richland County, and had not disclosed that he had previously assisted the prosecution by signing a warrant in a prior case, resulting in a malicious conviction of this defendant two months prior, and during the time that this case was pending. Also, allowing a psychologist who was aware of this case allegations to be part of the jury pool; (voir dire), in the company of the magistrate (undisclosed to the proceeding) during the process of picking a jury when the possibility of unfair prejudice would obviously result; the defendant was found guilty, and this situation was hid [sic] from these proceedings until being discovered 06/12/2012, through a private source, and resulting in plain error, warranting a new trial.

(Punctuation altered from the original.) Respondent now moves to stay the petition as a mixed petition. In the alternative, respondent moves the court to require Lindsay to elect whether to (1) dismiss the petition as a mixed petition, without prejudice, and exhaust the claims in the state courts or (2) withdraw his unexhausted claims.

II.

Respondent contends that Lindsay has failed to exhaust his state claims. In particular, respondent argues that Lindsay's fourth, fifth, and sixth grounds for relief are unexhausted and are currently pending in state court either in Lindsay's appeal of the trial court's denial of his petition for post-conviction relief or in his motion for a new trial. Lindsay does not contest respondent's assertion that he has failed to exhaust these grounds for relief and agrees that they are currently pending in the state courts.

A state prisoner must exhaust all available state remedies or have no remaining

-9-

state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity between the federal government and the states:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted). Because the exhaustion requirement is a matter of comity, a petition containing unexhausted claims may be denied on the merits. 28 U.S.C. § 2254(b)(2).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court endorsed district courts' using a "stay and abeyance" procedure under certain circumstances when faced with a mixed petition containing both exhausted and unexhausted claims. The Court noted that in some cases, if the district court dismissed a mixed petition pursuant to

-10-

*Lundy*, a petitioner who had good cause for his failure to exhaust and was nearing the one-year statutory deadline might run afoul of the one-year deadline if his petition were dismissed pending exhaustion. To deal with such circumstances, the Court approved the use of "stay and abeyance" in some cases. When appropriate, the district court may stay litigation of a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. When the petitioner has exhausted his claims, the district court lifts the stay and allows litigation of the petition to proceed.

The Court cautioned against using "stay and abeyance" too frequently. It noted that the one-year statutory period for filing a habeas petition was meant to reduce delays in the execution of criminal sentences and to emphasize the requirement of total exhaustion before filing a habeas petition. According to the Court, too-frequent issuance of stays would defeat both of these goals. For this reason, the Court cautioned that stay and abeyance should be available only in limited circumstances. In particular, stay and abeyance is only appropriate when (1) a petitioner has good cause for his failure to exhaust; (2) the petitioner has unexhausted claims that are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Respondent asserts, and Lindsay does not contest, that if Lindsay had not filed his habeas petition while his claims were pending in state court, a later petition would have been barred by the one-year statute of limitations at 28 U.S.C. § 2244(d)(1). It is appropriate, therefore, to consider whether Lindsay's petition should be stayed to permit Lindsay to exhaust his unexhausted claims.

  A.   *Stay and abeyance and Lindsay's fourth and fifth grounds for relief*

Lindsay's fourth ground for relief argues that DNA evidence should have been excluded from trial because it was obtained from Lindsay's allegedly unconstitutional arrest. His fifth ground for relief argues that the state intentionally provoked a mistrial and that the trial judge was part of a conspiracy against Lindsay. Lindsay argues that he had good cause for his failure to exhaust the claims in these grounds for relief. According to Lindsay, ineffective assistance of appellate counsel prevented him from timely raising in the appellate court on direct appeal the claims in his fifth and sixth grounds for relief. The claims in Lindsay's fourth and fifth grounds for relief, indeed, were claims that could have been raised on direct appeal, and appellate counsel did not raise them.[2]

Ineffective assistance of counsel may serve as cause for failing to properly present a claim to a state court. *See Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006). Ineffective assistance of counsel may only serve as cause for a failure to properly present a claim to state courts, however, if the ineffective assistance of counsel claim itself was presented to the state courts or if cause and prejudice is shown for the

---

[2] Respondent's analysis of whether Lindsay had good cause for the failure to exhaust is not helpful because respondent misunderstands the nature of this prong of the *Rhines* test. To show good cause for a failure to exhaust state remedies, a petitioner must show why the petitioner failed to use available state remedies timely and appropriately. *See, e.g., Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011) (finding the state's concealment of relevant facts, resulting in a failure to raise a claim timely, was relevant to showing good cause for a failure to exhaust); *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009) (finding a lack of due diligence in discovering relevant facts was relevant to good cause for a failure to exhaust claims timely). Respondent, however, merely addresses whether Lindsay is availing himself of any state remedies, including untimely remedies, and whether Lindsay's claims would have been barred by the statute of limitations had Lindsay not filed a mixed petition when he did. *See* Motion at 18. Respondent does not address whether Lindsay had good cause for failing to avail himself of Ohio's post-judgment remedies in a timely and appropriate manner.

failure to present the claim of ineffective assistance of appellate counsel to the state courts. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000).

Lindsay filed *pro se* a timely application to re-open his direct appeal pursuant to R. 26(B), alleging ineffective assistance of appellate counsel. However, Lindsay did not allege in his application that counsel was ineffective for failing to argue that DNA evidence should have been excluded from trial because it was obtained from Lindsay's allegedly unconstitutional arrest or that the state intentionally provoked a mistrial and that the trial judge was part of a conspiracy against Lindsay. Consequently, Lindsay failed to present to the state court his claims that appellate counsel was ineffective for failing to raise on direct appeal the claims in Lindsay's fourth and fifth grounds for relief. Lindsay does not show or allege good cause for his failure to present to the state courts these claims of ineffective assistance of appellate counsel. For this reason, ineffective assistance of appellate counsel may not be used as good cause for Lindsay's failure to exhaust state remedies. Thus, Lindsay's fourth and fifth grounds for relief do not pass the first prong of the *Rhines* test. *Rhines* teaches, therefore, that Lindsay must dismiss these claims or he must dismiss his entire petition without prejudice as a mixed petition. *Rhines*, 544 U.S. at 273-74. If Lindsay declines to make that election, his petition may be dismissed as a mixed petition pursuant to 28 U.S.C. § 2254(b)(2).

*B.     Stay and abeyance and Lindsay's sixth ground for relief*

Lindsay's sixth ground for relief alleges that a magistrate judge who had previously issued a warrant to search Lindsay's property in a previous case, state Magistrate Judge Naumoff, was improperly seated on the jury that convicted Lindsay. Lindsay now acknowledges in his Response that it was not the magistrate who was

-13-

seated on Lindsay's jury but the magistrate's brother, an attorney in the same law firm as the magistrate. Response at 9.

Lindsay contends that he had good cause for not raising this claim on direct appeal because he could not reasonably have suspected the facts underlying this claim and that these facts came to his attention purely by accident. Lindsay also contends that this claim is meritorious and that he has not engaged in intentionally dilatory litigation tactics.

Respondent argues that Lindsay was not diligent in discovering that the jury included the brother of Magistrate Judge Naumoff. Respondent argues as follows:

> Respondent submits that the failure of Lindsay to discover Naumoff's role in the search warrant in the prior case in a more timely manner when such could have been presented to and dealt with by the trial court when the jury was still seated in the challenged conviction, or subsequent to trial in a timely postconviction petition or motion for new trial when the state courts could have addressed the claim, demonstrates a lack of diligence by Lindsay. The action that followed Lindsay's delay in finding the information, and Lindsay presenting the claim in the untimely motion for new trial, further demonstrates an attempt by Lindsay to engage in dilatory tactics.

Motion at 22. Respondent presents this argument as demonstrating "dilatory litigation tactics," although it more appropriately addresses whether Lindsay has demonstrated good cause for his failure to exhaust.

Respondent does not present any facts which would enable this court to determine whether Lindsay exercised due diligence in discovering Magistrate Judge's Naumoff's issuance of a search warrant. For his part, Lindsay argues that because the search warrant did not include the first name of the magistrate who signed the warrant, he had no reason to believe that the Naumoff who was seated on his jury was related to the magistrate who signed the warrant to search Lindsay's property or that the juror was

-14-

in the same law firm as Magistrate Judge Naumoff.  Lindsay claims to have attached a copy of the warrant to his affidavit, but the only affidavit filed by Lindsay in this case relates to his application to proceed *in forma pauperis*, and no exhibit is attached to that affidavit other than an Inmate Demand Statement related to Lindsay's financial resources.  *See* doc no. 2.  Lindsay also allegedly quotes from the *voir dire* of the jury, but he includes no documentation to support his version of what was said.  In sum, neither side presents facts which would allow the court to conclude that Lindsay had good cause for failing to exhaust the claims in his sixth ground for relief.[3]

As neither side presents sufficient facts to permit the court to conclude that a stay to permit Lindsay to exhaust his sixth ground for relief is appropriate in this case, the *Rhines* test is not met, and the motion for a stay should be denied.  Consequently, Lindsay should be ordered to elect to dismiss his sixth ground for relief or to dismiss his petition without prejudice as a mixed petition.  If Lindsay declines to make that election, his petition may be dismissed as a mixed petition pursuant to 28 U.S.C. § 2254(b)(2).

III.

For the reasons given above, (1) respondent's motion to require Lindsay to dismiss his fourth, fifth, and sixth grounds for relief or dismiss his petition without prejudice should be **GRANTED**, and Lindsay should be require to elect within 15 days whether to dismiss his unexhausted claims or dismiss his petition; and (2) if Lindsay elects to dismiss his unexhausted claims and proceed, respondent should be required

---

[3] *Rhines* does not place the burden for demonstrating good cause, meritorious arguments, or an absence of dilatory tactics on a particular party.  *See Rhines*, 544 U.S. at 276-78.

to file its brief within 30 days of Lindsay's election.

Date: July 16, 2013                                s/ *Nancy A. Vecchiarelli*
                                                   NANCY A. VECCHIARELLI
                                                   U.S. MAGISTRATE JUDGE

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**