UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL RENARD LINDSAY, | ) | CASE NO. 1: 13CV00309 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND DECISION** |
| TERRY A. TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner Wendell Renard Lindsay's objections to the Magistrate Judge's Report and Recommendation ("R & R") filed July 28, 2014. (Doc. 42). For the following reasons, all of Lindsay's objections are OVERRULED. This Court ADOPTS the Report and Recommendation of the Magistrate Judge and DISMISSES Lindsay's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

The Report and Recommendation adequately states the factual and procedural background of this case. (Doc. 21 at 1-6). Lindsay has demonstrated no error in the background, and as such, the Court will not reiterate that section herein.

I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     LAW AND ANALYSIS

In this case, Lindsay filed a document entitled "Objections: to Magistrates' [*sic*] Report & Recommendation filed July 14, 2014." (Doc. 23). However, Lindsay states that "[t]he main point of this Objections petition, is to clear up misquoted information used to form an opinion against the facts of the matter." (Doc. 23 at 1). He then reproduces the argument from his habeas petition, noting three "objections:"

1) "[P]etitioner objects to the claim that the trial counsel's trial performance was reasonable when no trial defense was presented." (Doc. 23 at 1).

2) "[P]etitioner objects to the magistrate's making reference to the prosecutions [*sic*] findings, and without taking notice to the evidence, or how the evidence was administered without objection by the trial attorney for the defense." (Doc. 23 at 2).

3) "[P]etitioner objects; [*sic*] to the findings of the magistrate concerning the sufficiency of the evidence." (Doc. 23 at 2).

Each of Lindsay's objections attack the performance of his trial counsel and the weight of the evidence presented at his trial. However, as noted correctly by the Magistrate Judge in her Report and Recommendation, "…the issues asserted in the petition are available for federal habeas review only to the extent that Petitioner asserts them in the context of ineffective assistance of appellate counsel." (Doc. 21 at 9). As a result, this Court will not consider any argument other than what the R & R construed as ineffective assistance of appellate counsel.

At no time has Lindsay raised an objection to the Magistrate Judge's findings with regard to his appellate counsel, let alone pointed to appellate counsel's deficient performance or resulting prejudice to Lindsay. Instead, his objections are a repetition of the underlying arguments to the state court and to this Court through his original petition. "An 'objection' that

does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich., 2004). Given this, Lindsay has not demonstrated error by the Magistrate Judge, and his objections are OVERRULED.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Lindsay's objections. Therefore, his objections are OVERRULED. The Court ADOPTS Magistrate Judge Vecchiarelli's R & R. (Doc. 21). The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: February 29, 2016                            */s/ John R. Adams*
                                                   Judge John R. Adams
                                                   UNITED STATES DISTRICT COURT